

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Robert F. Cherry
County Attorney
Bosque County
Meridian, Texas

Dear Sir:

Opinion No. O-2539
Re: May the commissioners' court in
ordering a local option election for
or against the sale of beer to be
held at the same time and place as
the Democratic Primary election legal-
ly appoint as judges of such election
the same judges as those appointed by
the county Democratic Committee to
hold the county Democratic Primary
election? And another question.

Your recent request for an opinion of this depart-
ment on the questions as are herein stated has been received.

We quote from your letter as follows:

"The undersigned County Attorney of Bosque
County has been requested by several citizens of
the county to ask for the Attorney General's opin-
ion on the following questions:

"Question No. 1. ' May the Commissioners'
Court, in ordering a local option election for or
against the sale of beer, to be held at the same
time and place as the democratic primary electin,
legally appoint, as judges of such election, the
same judges as those appointed by the county demo-
cratic committee to hold the democratic primary
election?'

"Question No. 2: 'If the Commissioners' Court
does appoint such judges and no others and the local
option election is held at the same time and place
as the democratic primary election, and under the
supervision and direction of such judges, would the
local option election be thereby invalidated?'

Honorable Robert F. Cherry, Page 2

"The facts are these:  In obedience to the
petition required by law for such local option
election, the Commissioners' Court of Bosque
County has ordered a county-wide local option
election to determine whether or not the sale
of beer, containing not more than four per cent
of alcohol by weight, shall be legal in Bosque
County, Texas.  In order to save expense, the
election has been ordered to be held on July
27th, the date of the democratic primary elec-
tion, at the same polling places as that of the
democratic primary, and the order for election
designates as judges for said local option elec-
tion the same judges as those appointed by the
county democratic committee to hold the democra-
tic primary on that date.  In each case, only
one judge has been appointed for each polling
place, and in each case the one judge appointed
is the same for the local option election as for
the democratic primary.

"The law requires (Art. 666-33, V.A.C.S.)
that the election be held not less than ten nor
more than twenty days from the date of the order
for said election.  This being the 12th of July,
and the election having been ordered for the 27th
of July, it would be necessary for us to have your
opinion not later than the 16th of July if the
election order is to be amended to conform with
your opinion and still permit the holding of the
election on July 27th.  I don't know if it will
be possible to get the opinion so quickly, but,
if so, we shall appreciate it.

"The County Attorney's brief on these questions
is as follows:

"Art. 666-32 of V.A.C.S. of the State of Texas
provides for the holding of a local option election
to determine whether or not the sale of liquors shall
be prohibited or legalized.

"Art. 666-33 of V.A.C.S. of the State of Texas
provides that the Commissioners' Court shall in its

Honorable Robert F. Cherry, Page 3

order state the date upon which the election is to
be held, the object of such election 'and shall be
held to be prima facie evidence that all the provi-
sions necessary to give it validity or to clothe
theccourt with jurisdiction to make it valid, have
been duly complied with, provided that said court
shall appoint such officers to hold such elections
as now required to hold general elections. Acts
1935, 44th Leg., 2nd C.S., p. 1795, ch. 467, Art.
1, Sec. 33.'

"Vernon's Annotated Civil Statutes, Vol. 9,
Title 50, ch. 3, sets out the qualifications of
officers of election and the manner of their appoint-
ment. Art. 2937, said title and chapter, provides,
in part, as follows: 'The Commissioners' Court at
the February term shall appoint from among the citi-
zens of each voting precinct in which there are less
than 100 voters who have paid-their poll tax, or
received their certificates of exemption, two reputa-
ble qualified voters as judges of the election, selected
from different political parties, if practicable, to
act until their successors are appointed.... One of
the judges, who shall in all cases belong to the party
that at the last general election cast the largest vote
for governor throughout the state, shall be designated
as the presiding judge at the election.... The pre-
siding judge shall act in receiving and depositing the
votes in the ballot boxes, and the other judge act
in counting the votes cast....' Acts 1st C.S. 1905,
p. 533, sec. 57.

"Art. 2938 of said title and chapter is in part
as follows: 'For every precinct in which there are
100 citizens or more who have paid their poll tax,
or received their certificate of exemption, the Com-
missioners' Court shall appoint four judges of election
who shall be chosen, when practicable, from opposing
political parties, one of whom shall be designated as
presiding judge. The presiding judge and one associate
judge shall act in receiving and depositing the votes
in the ballot boxes, and the other two judges shall
act in counting the votes cast....providing that in
all elections held under the provisions of this title
other than general elections, local option elections,

Honorable Robert F. Cherry, Page 4

and primary elections, the officers to be appointed
by the Commissioners' Court to hold said elections
shall be a presiding judge and an associate judge
and two clerks, whose compensation shall be $2.00
per day and $2.00 extra to the presiding judge for
making return of the election.'

"The order for the local option election in
Bosque County appoints one and only one judge for
each election precinct, this judge being the same
as that appointed by the democratic committee as
judge of the democratic primary election to be held
on the same day and at the same place. Each of these
judges is a democrat, and each of them is, I believe
without exception, a precinct chairman of the demo-
cratic county organization.

"Winston's Simplified Dictionary defined the
word 'practicable' as used in Arts. 2937 and 2938,
quoted above, as follows: 'Capable of being done or
used.'

"There are qualified voters in Bosque County
who belong to other parties than the democratic party,
therefore the appointment of judges from the democra-
tic party alone does not meet the requirement for the
appointment of such officers as now required to hold
general election. Art. 666-33, quoted above, requires
the appointment of such officers to hold such election
(local option election) as now required to hold general
election.

"The order for the local option election appoints
one and only one judge for each voting precinct in
Bosque County. Art. 2937, quoted above, requires that
in small precincts (Having less than 100 voters) there
shall be appointed by the Commissioners' Court two
judges to hold election. The article sets out speci-
fic duty for each of the two judges. Art. 2938, quoted
above, provides that for large precincts (having more
than 100 voters) the Commissioners' Court shall ap-
point four judges to hold election. Such article pro-
vides specific duties for each of said four judges and
provides further that in all elections held under the
provisions of this title other than general elections,

Ionorable Robert F. Cherry, Page 5

local option elections and primary elections, the
officers to be appointed by the Commissioners' Court
to hold said election shall be a presiding judge,
an assistant judge and two clerks.

"Bosque County has both small precincts and large
precincts. The appointment of one election judge for
each voting precinct does not therefore comply with
with provisions of Arts. 2937 and 2938 as to the ap-
pointment of officers required to hold general elec-
tions.

"Art. 666-33, providing for such local option
election as that ordered for Bosque County, requires
that the court shall appoint such officers to hold
such elections as now required to hold general elec-
tions."

We quote from Texas Jurisprudence, Vol. 16, page 34,
as follows:

"The statutes make ample provision for the ap-
pointment of officers to direct and assist in the
conduct of an election. Irregularities in their
appointment do not render an election void. The law
in this respect has been summarized as follows: The
statutes with reference to the manner of appointing
election officers are directory. Where they have not
been complied with if it be shown that the election
was held at the time and place provided by law, that
the election was fairly conducted, and that the vote
as cast, counted and returned, expressed the will of
the majority of the qualified voters voting at such
place and time, irregularities as to the manner of ap-
pointing the officers will not in the absence of ex-
press provision of statute affect the validity of the
election. In such case, if there is no protest on the
part of the voters, they will be held to have ratified
the illegal appointment of the election judges or
their unauthorized assumption of authority where they
have acted without being appointed by anyone." Hill vs.
Smithville Independent School District, 239 SW 987,
(affirmed Comm. of App.) 251 SW 209; Hunicutt vs.
State, 12SW 106; Beaver vs. State, 66 SW 256; Ex Parte
Mayes, 44 SW 831; Bell vs. Faulkner, 19 SW 480; 1
A.L.R. 1535.

Honorable Robert F. Cherry, Page 6

Article 666-33, Vernon's Annotated Penal Code, provides that local option election shall be held not less than ten nor more than twenty days from the date of the order for said election. Said statute further requires that the court shall appoint such officers to hold such election as now required to hold general elections.

As above stated, the statutes with reference to the manner of appointing election officers are directory. Where such statutes have not been complied with, if it be shown that the election was held at the time and place provided by law, and that the election was fairly conducted, etc., an irregularity as to the manner of appointing the officers will not in the absence of express provisions of the statutes affect the validity of the election. However, we are of the opinion that Article 666-33, supra, is an express provision of the statutes requiring the commissioners' court to appoint officers to hold local option elections as now required to hold general elections and in appointing or attempting to appoint the election officials designated to hold primary elections would not be in compliance with the express provisions of the above mentioned statute.

In view of the foregoing, you are respectfully advised that it is the opinion of this department that the commissioners' court does not have the legal authority to appoint as judges of a local option election the same judges as those appointed by the county Democratic Committee to hold the Democratic Primary election. In the event the same election judges, etc. holding the primary election were to hold the local option election at the same time, there would be no saving of expenses, for the county must pay the expenses of holding the local option election, and candidates, through the county chairman, pay the expenses of the primary election and the county could not legally avoid the payment of the expenses of holding the local option election by attempting to have the election officials of the primary election to hold the local option election along with the primary election, the expenses of such, being paid by the candidates in the primary election.

We cannot categorically answer your second question; however, to avoid any election contest, which would probably raise the question as to the validity of the local option elec-

tion where the election officials of the primary election also hold the local option election, we think it advisable that the commissioners' court should appoint different election officials to hold the local option election other than the election officials appointed by the Democratic Committee to hold said primary election.

We want to thank you for the brief submitted with your inquiry which has been very helpful in passing upon your questions.

Trusting that we have fully answered your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 15, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:AW

